UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CASHAY CARTER, | CASE NO. 1:25-cv-66 |
| Plaintiff, | CHIEF JUDGE SARA LIOI |
| vs. | **MEMORANDUM OPINION AND ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Before the Court is the report and recommendation ("R&R") of Magistrate Judge Carmen E. Henderson recommending that the Court affirm the decision of the defendant, the Commissioner of Social Security (the "Commissioner"), denying the application of plaintiff, Cashay Carter ("Carter"), for Supplemental Security Income ("SSI"). (Doc. No. 14 (R&R).) The R&R was filed on September 29, 2025. On October 1, 2025, the case was stayed due to the lapse in appropriations funding the federal government. (Order [non-document], 10/1/2025). On November 14, 2025, the stay was lifted due to the availability of appropriations funding the federal government. (Order [non-document], 11/14/2025). That same day (November 14, 2025), Carter filed a timely objection to the R&R (Doc. No. 15), and soon thereafter the Commissioner filed a response (Doc. No. 16). Upon *de novo* review, and for the reasons set forth below, the Court overrules Carter's objections, accepts the R&R, affirms the decision of the Commissioner, and dismisses the case.

I. **BACKGROUND**[1]

On June 2, 2022, Carter filed an application for SSI. (Doc. No. 8 (Administrative Transcript), at 261.)[2] She alleged disability owing to a number of conditions, including bipolar disorder, schizoaffective disorder, major depressive disorder, unspecified trauma and stressor related disorder, and unspecified personality disorder. (*Id.*) Carter alleged a disability onset date of March 1, 1998. (*Id.*) Carter's application for SSI was denied initially and upon reconsideration. (*Id.* at 73–76, 84–86.) Carter then requested a hearing before an Administrative Law Judge ("ALJ"). The hearing was held on October 3, 2023. (*Id.* at 36.) The hearing transcript is in the record. (*Id.* at 36–52.)

The ALJ issued his decision on November 6, 2023. (*Id.* at 18–27.) The ALJ found that Carter suffered from severe impairments, including major depression, unspecified personality disorder, unspecified trauma and stressor related disorder, and schizophreniform illness. (*Id.* at 23.) But the ALJ also determined that these impairments did not meet or medically equal the severity of any one of the listed impairments in the Social Security regulations, and that Carter retained the residual functional capacity ("RFC") to perform a full range of work at all exertion levels with certain non-exertional limitations. (*Id.* at 23–25.) The ALJ concluded that Carter could perform her past relevant work as a dining room attendant and kitchen helper. (*Id.* at 30.) In addition to these jobs, the ALJ also found that Carter could perform a significant number of other jobs existing in the national economy, such as hospital cleaner, packager, and window cleaner, and

---

[1] The R&R contains a more detailed recitation of the factual background in this case. (*See* Doc. No. 14.) This Court includes only the factual and procedural background pertinent to Carter's objections.

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

was, therefore, not disabled as defined under § 1614(a)(3)(A) of the Social Security Act. (*Id.* at 31.) Carter subsequently requested a review of the ALJ's action. (*Id.* at 13–14.) On November 19, 2024, the Appeals Council denied Carter's request for review. (*Id.* at 5–7.) Carter timely filed the instant action, seeking judicial review. (Doc. No. 1 (Complaint).) Carter, represented by counsel, filed a brief on the merits (Doc. No. 10), the Commissioner filed a response brief on the merits (Doc. No. 12), and Carter filed a reply brief (Doc. No. 13). On September 29, 2025, the magistrate judge issued her R&R, recommending that the Court affirm the Commissioner's decision. (Doc. No. 14, at 20.)

The magistrate judge found that the ALJ erred in concluding that Carter's past work as a dining room attendant and kitchen helper were substantial gainful activity ("SGA") because Carter's earnings did not reach the Social Security Administration's threshold SGA activity amounts during any relevant year. (*Id.* at 12.) Subsequently, those activities could not be construed as past relevant work. (*Id.*) Nevertheless, the magistrate judge concluded that this constituted harmless error because the ALJ proceeded to make an alternative finding that Carter could perform other unskilled occupations that did not rely on her past relevant work. (*Id.* at 13.)

The magistrate judge also determined that the ALJ erred in failing to ask the vocational expert about the possible conflict between her testimony and the Department of Labor's Dictionary of Occupational Titles' (DOT) description of a packager. (*Id.* at 18.) The magistrate judge found this error to be harmless as well because a conflict existed only as to one of the three jobs identified by the vocational expert. (*Id.* 17.) Because there was substantial evidence in the record that Carter could perform the duties of a hospital cleaner and window cleaner, and there was no apparent or obvious conflict between the vocational expert's testimony and the DOT descriptions, the

3

magistrate judge recommended that the Commissioner's decision be affirmed. (*Id.* at 17–20.)

## II. STANDARD OF REVIEW

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[ ]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010) (citation omitted). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the c]ourt

4

might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854–55 (citation omitted). This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." (citation omitted)).

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (further citations omitted)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544–46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion)).

### III. DISCUSSION

Carter submits two objections to the R&R, arguing that: (i) the recommendation that the ALJ's Step Four and Five errors were harmless was erroneous; and (ii) the R&R failed to address

the unreliability of the vocational testimony.

### A. Whether the ALJ's Errors Were Harmless

Carter argues that the ALJ's errors were not harmless because "each of [the alternative jobs of hospital cleaner, packager[3], and window cleaner] had requirements that conflicted with the limitations found by the ALJ in the RFC[.]" (Doc. No. 15, at 3.) Specifically, Carter asserts that the ALJ limited her from performing "tasks involving . . . being responsible for the safety o[r] welfare o[f] others[.]" (*Id.*) But Carter avers that "both [jobs of hospital cleaner and window cleaner] clearly involve responsibility for the safety and welfare of other individuals and things" and the ALJ's failure to identify the conflict between Carter's RFC and the DOT descriptions of these jobs results in the ALJ's determination not being supported by substantial evidence. (*Id.* at 4–6.)

The Commissioner counters by arguing that "the ALJ's RFC *was not* that [p]laintiff could not perform any activity that might impact 'the safety or welfare of others[.]' Rather, the ALJ limited [p]laintiff to superficial interaction with others, which the ALJ described as interactions that did not require 'tasks involving . . . being responsible for the safety or welfare of others[.]'" (Doc. No. 16, at 2 (emphasis in original) (citations omitted).) Interpreted in this fuller context, the Commissioner contends that the ALJ did not err in his decision because "[n]othing about the hospital cleaner occupation or the window cleaner occupation suggests that these occupations involve **interpersonal interaction** impacting 'the safety or welfare of others.'" (*Id.* (emphasis in original).)

---

[3] The role of packager is not at issue in this objection because the magistrate judge concluded the packager position conflicted with Carter's limitations stated in the RFC (Doc. No. 14, at 18), and the Commissioner does not dispute this finding. (Doc. No. 16, at 2 n.1.)

As an initial matter, Carter reiterates the same argument she made in her brief. (*Compare* Doc. No. 15, at 3–4, *with* Doc. No. 10, at 11–12.) Her argument that the alternative jobs contradicted with the ALJ's limitations was raised her merits brief (Doc. No. 10, at 11–12) and considered by the magistrate judge (Doc. No. 14, at 19–20 (concluding that "[t]he alleged conflicts between Carter's limitation and the description of the hospital cleaner and window washer positions are not obvious or apparent" and "[t]herefore, the ALJ did not err in failing to address the alleged discrepancies")). Objections that simply "rehash" arguments made in the plaintiff's brief are not proper objections under Fed. R. Civ. P. 72(b). *See Aldrich*, 327 F. Supp. 2d at 747 ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *see also Alston v. Voorhies*, No. 7-cv-2284, 2010 WL 3895069, at *10 (N.D. Ohio Sept. 30, 2010) (collecting cases) (declining to address arguments analyzed in the R&R that were reasserted in the plaintiff's objections).

Even if the objection were proper, Carter's argument is unpersuasive. The pertinent part of the ALJ's decision describing Carter's RFC is reproduced below:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: can perform simple, routine, and repetitive tasks but not at a production rate pace (e.g., assembly line work); occasional interaction with supervisors and coworkers; infrequent, superficial interaction with the public ("infrequent" is further defined as 2 hours or less in an 8-hour day and "superficial" is further defined as doing no tasks involving arbitration, negotiation, confrontation, directing the work of others, persuading others, or being responsible for the safety or welfare of others); and can make simple work-related decisions.

(Doc. No. 8, at 25.) Read in context, the Court concludes that limitation regarding "tasks . . . being

responsible for the safety or welfare of others" specifically refers to interpersonal interactions. The parenthetical that includes the language at issue defines the preceding term "infrequent, superficial interaction." A plain reading of the ALJ's decision, therefore, would support the Commissioner's argument that Carter's RFC limited her from engaging in occupations involving *interpersonal interactions* concerning the safety or welfare of others.

Neither of the DOT descriptions of hospital cleaner or window cleaner occupations conflict with Carter's interpersonal interaction limitation. The DOT describes a hospital cleaner as someone who:

> [c]leans hospital patient rooms, baths, laboratories, offices, halls, and other areas: Washes beds and mattresses, and remakes beds after dismissal of patients. Keeps utility and storage rooms in clean and orderly condition. Distributes laundered articles and linens. Replaces soiled drapes and cubicle curtains. Performs other duties as described under CLEANER (any industry) I Master Title. May disinfect and sterilize equipment and supplies, using germicides and sterilizing equipment.

323.687-010 Cleaner, Hospital, DICOT 323.687-010. Similarly, a window cleaner is described as someone who:

> [c]leans windows, glass partitions, mirrors, and other glass surfaces of building interior or exterior, using pail of soapy water or other cleaner, sponge, and squeegee. Crawls through window from inside and hooks safety belt to brackets for support, sets and climbs ladder to reach second or third story, or uses bosun's chair, swing stage, or other scaffolding lowered from roof to reach outside windows, or stands to reach first floor or inside windows.

389.687-014 Cleaner, Window, DICOT 389.687-014.

A conflict exists between an expert's testimony and the DOT's listings only when it is obvious or apparent. *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016). "This means that the testimony must be at odds with the [DOT's] listing of job requirements that are essential, integral, or expected." *Id.* Where the job itself is a familiar one, less scrutiny by the ALJ is required. *Id.*

Here, neither of these occupations apparently or obviously involve interpersonal interactions involving "tasks . . . being responsible for the safety or welfare of others." As such, the Court finds no conflict between the RFC limitations identified by the ALJ and these two alternative jobs that would render the ALJ's decision erroneous for failure to follow its own regulations or for lack of substantial evidence. Accordingly, Carter's first objection is overruled.

### B. Whether the R&R Failed to Address the Unreliability of the Vocational Testimony

Next, Carter contends that the vocational expert's testimony was unreliable. (Doc. No. 15, at 7.) Carter states that in her original briefing, she asked the Court to "look at the [vocational expert's] and ALJ errors in combination as they demonstrate a decisionmaker with an intention to deny [p]laintiff's case, regardless of the evidence before him." (*Id.*) Carter objects to the magistrate judge's purported failure to address the reliability of the vocational expert's testimony or make any recommendation. (*Id.* at 7–8.)

The Commissioner insists that Carter never raised such a separate argument. (Doc. No. 16, at 3.) Instead, "[p]laintiff['s] reliability argument was predicated in part on the claim that the window and hospital cleaner occupations conflicted with the ALJ's RFC assessment." (*Id.*) But because the magistrate judge rejected plaintiff's argument that there was an apparent conflict, "[p]laintiff's claim that the [vocational expert's] testimony was unreliable necessarily failed." (*Id.* at 3–4.)

The Court agrees with the Commissioner's characterization that Carter's purported challenge was not a separate independent argument. Carter's argument regarding the vocational expert's credibility was not a separate section but instead nestled within the second argument

section, structurally implying that it is not an independent argument. More to the point, while Carter claimed that the vocational expert's testimony was unreliable, this assertion was based on the notion that "each of [the alternative jobs] exceeded the [p]laintiff's restrictions in the RFC." (*Id.* at 13.) The magistrate judge rejected this argument, rendering any discussion of the reliability of the vocational expert's purported flawed testimony unnecessary.

Finally, to the extent Carter brings an objection alleging that "the [vocational expert] and ALJ errors in combination . . . demonstrate a decisionmaker with an intention to deny [p]laintiff's case, regardless of the evidence before him[,]" the Court considers this objection as improper. *See* Local Rule 72.3(b) (directing objecting parties to file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). Furthermore, Carter offers no evidence in support of her assertion that the ALJ was predisposed to rule against her beyond the fact that he issued an unfavorable decision. Therefore, the Court overrules this objection.

## IV. CONCLUSION

For the reasons discussed above, Carter's objections to the R&R (Doc. No. 15) are **OVERRULED**, the R&R (Doc. No. 14) is **ACCEPTED**, and the Commissioner's decision is **AFFIRMED**. This case is **DISMISSED**.

**IT IS SO ORDERED**.

Dated: December 22, 2025

HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT